#### IN THE

## GENERAL COURT AND COURT OF APPEALS

#### OF THE

## STATE OF MARYLAND.

---

## GENERAL COURT, MAY TERM, 1797.

### RAWLINGS's Administrator D. B. N. *vs.* DUVALL.

THIS was an action of *debt* upon a bond dated the 3d of December, 1777, and conditioned that the defendant would observe and perform the covenants, &c. mentioned in an indenture or assignment of lease, bearing date on the same day, and executed by and between the plaintiff's intestate and the defendant. The defendant pleaded *general performance;* and the plaintiff replied, *nonperformance,* and set forth the indenture, or assignment of a lease, that the sum of £1800 was due for rent, and breach in nonpayment, &c. Rejoinder, payment and issue joined.

The plaintiff at the trial produced and read in evidence to the jury a paper, purporting to be a lease, (mentioned in the condition of the bond upon which this action is brought, and set forth in the plaintiff's replication,) made on the 3d of December, 1777, between the plaintiff's intestate and the defendant, and sealed with their seals; whereby the plaintiff's intestate, for and in consideration of 400*l.* common currency, to him in hand paid by the defendant, and in consideration of the rents, covenants, &c. therein mentioned, had demised, &c. to the defendant, the plantation leased by a certain *David Kerr,* to the plaintiff's intestate, lying, &c. as also cer-

MAY, 1797.

Rawlings
vs.
Duvall.

tain cattle, &c. unto the defendant, from the said 3d of December, 1777, for and during and until the full end and term of four years, he paying therefor yearly and every year unto the plaintiff's intestate, or his assigns, for and during the two first years of the said term of four years, the sum of 400*l.* common money; and for and during the last two years of the said term of four years, the sum of 500*l.* common money, &c. covenant to perform &c. all the covenants, &c. mentioned and contained in the said lease from the said *David Kerr*, and covenanted to be performed by the plaintiff's intestate.

The defendant prayed the opinion of the court and their direction to the jury, that the aforesaid lease or paper was a contract within the contemplation of the act of assembly passed at October session 1780, ch. 5, and that by the *ninth* section (*a*) of that act, the sums contracted to be paid by the defendant should and ought to be settled by the scale of depreciation, and reduced to the actual value of paper money, in gold and silver, at the time the said lease was executed.

GOLDSBOROUGH, Ch. J. (*b*) The court are of opinion that the contract between the plaintiff's intestate and the defendant does not come within the act of assembly of October session 1780, ch. 5, and is not operated upon or affected thereby.

The court are also of opinion, that in and by the paper or lease above mentioned, the defendant for all rents remaining due and unpaid, stands liable for, and is bound to the plaintiff in the same manner, and for the

(*a*) The act *for calling out of circulation the quota of the state*, &c. the *ninth section* of which declares, "that where any debt, covenant, contract, promise or agreement, unless for gold or silver, or sterling money, or unless the contract was made and intended to prevent the payment of any of the said bills, has been created, or made between the 1st of September, 1776, and the 20th of April, 1779, the debtor, or person bound in such debt, covenant, &c. may at any time hereafter pay or discharge the same in the said new bills of credit, or the bills emitted by the act of assembly, entitled, "An act to enable the treasurer of the western shore to draw and sell bills of exchange," &c. by paying in such bills, in the case of money lent, two thirds of the real value at the time of the loan, and in case of contracts upon sales of property, by paying two thirds of the real value of the money at the time the same was made payable, so that the loss of the creditor, and risk of the debtor, may fall as equally on each as the nature of the case will admit"—and where any debt, &c. as above described, entered into on the 20th of April, 1779, and between then and the 12th of June, 1780, and since, for continental currency, or for convention money, or bills issued by the acts under the old government, the debtor, &c. may discharge the same by paying or tendering one dollar of the new bills for every forty dollars due or payable; and if the new bills depreciate, such depreciation to be accounted for and paid by the debtor, &c.

(*b*) *Chase*, J. concurring. *Duvall*, J. having been concerned as counsel, did not sit.

same sums, and for the same kind of money which the plaintiff's intestate in his lifetime, or his administratrix since his death, or the administrator *de bonis non*, now the present plaintiff, was or would have been liable for to *David Kerr*, under and by virtue of the lease from the said *Kerr* to the plaintiff's intestate. The defendant excepted.

*Key* and *Johnson*, for the plaintiff.

*Mason* and *Wilmer*, for the defendant.